NO. 07-10-00103-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL E

JULY 13, 2011

RICHARD MARTINEZ, APPELLANT

v.

THE STATE OF TEXAS, APPELLEE

FROM THE 147TH DISTRICT COURT OF TRAVIS COUNTY;

NO. D-1-DC-09-500119; HONORABLE WILFORD FLOWERS, JUDGE

Before CAMPBELL and HANCOCK, JJ., and BOYD, S.J.[1]

**OPINION**

Appellant Richard Martinez appeals from his jury conviction of the offense of injury to an elderly individual and the resulting sentence of forty-five years of imprisonment. Through one issue, he contends the trial court erred by admitting evidence of his prior convictions for retaliation and attempt to commit murder. We will affirm.

---

[1] John T. Boyd, Chief Justice (Ret.), Seventh Court of Appeals, sitting by assignment.

Background

In June 2009, appellant was indicted for the offense of injury to an elderly individual.[2]  The indictment also included enhancement provisions, setting forth appellant's previous convictions for retaliation, attempt to commit murder, and two burglaries.[3]

In March 2009, appellant attempted to park his vehicle in an Austin parking space reserved for members and staff of the Texas Senate.  The parking lot attendant, then 75 years old, approached appellant to tell him the space was reserved.  Appellant "cussed" at the attendant and drove away.  He then drove around the block and returned.  The attendant again told appellant he could not park in the reserved space.  At that point, appellant again cursed at the attendant and, the attendant testified, "squirted water all over him,"[4] whereupon the attendant began walking toward his nearby truck to call police.  When the attendant reached his truck, appellant was right behind him.  The attendant testified he was scared and raised his clipboard.  Appellant hit him in the face, knocked him down and began kicking him.  The attendant was left with a knot on his right cheek.  The swelling and his headache lasted "about four days."

Two witnesses testified they saw appellant beating the attendant.  Appellant testified in his own defense, admitting he struck and kicked the attendant.  During cross-

_____

[2] *See* Tex. Penal Code Ann. § 22.04(1)(b)(1)(West Supp. 2010).

[3] At the punishment stage of trial, appellant plead "true" to each enhancement.

[4] A Department of Public Safety investigator who was among the officers who responded to a call for assistance testified appellant told him, after *Miranda* warnings, that "he had some holy water," and had gone to the capitol building that day "to bless the Capitol."  Appellant later testified he came to the capitol to speak with someone about a disagreement with a parole officer over the terms of his parole.

examination, appellant testified the attendant was "the aggressor," that he seemed "to be a very aggressive person," and that appellant would not "touch anybody unless it is in self-defense."  At the conclusion of its cross-examination, the State received affirmative answers from appellant to questions asking if he had "a conviction for retaliation from August of 1995," "an attempt to commit murder conviction from September of 1989," and "two burglary of a building convictions, felony convictions from 1982."  The defense voiced objections to the questions asking about the retaliation and attempted murder convictions, based on Rules of Evidence 403 and 404(b), and "on constitutional grounds."  After a hearing outside the jury's presence on appellant's objections, the trial court overruled them, noting the convictions also were "admitted as a prior felony conviction for impeachment purposes."

Analysis

In his sole issue on appeal, appellant argues the trial court reversibly erred when it admitted testimony concerning his prior convictions for retaliation and attempt to commit murder.  The State argues appellant's issue is not preserved for our review. We agree.

The substance of an objection at trial must comport with that asserted on appeal. *Pena v. State,* 285 S.W.3d 459, 464 (Tex.Crim.App. 2009).  If it does not, the matter is not preserved for appellate review.  *Id.*

On appeal, appellant presents his contention under the framework of Rule of Evidence 609, arguing the factors set out in *Theus v. State,* 845 S.W.2d 874, 880 (Tex.Crim.App. 1992) required exclusion of the evidence of the retaliation and attempted murder convictions.  *See* Tex. R. Evid. 609.  Appellant concedes he objected

on different bases at trial. He effectively contends that his Rule 403 objection should be treated as including an objection that the convictions were not admissible under Rule 609.

We do not agree that an objection based on Rule 609 was inherent in appellant's voiced Rule 403 objection. *See Deleon v. State,* 126 S.W.3d 210, 214 n.2 (Tex.App.—Houston [1st Dist.] 2003, pet. ref'd) (noting differences in application of Rules 403 and 609); *Dawson v. State,* No. 14-07-00652-CR, 2008 Tex.App. LEXIS 8320, at * 8-9 (Tex.App.—Houston [14th Dist.] Nov. 6, 2008, no pet.) (mem. op., not designated for publication) (finding Rule 609 challenge not preserved by objections based on Rules 403 and 404); *See also Adams v. State,* No. 14-04-00536-CR, 2006 Tex. App. LEXIS 1020, at * 5-6 (Tex.App.—Houston [14th Dist.] Feb. 9. 2006, no pet.); *Mills v. State,* No. 05-02-01109-CR, 2003 Tex.App. LEXIS 9228, at *4-5 (Tex.App.—Dallas Oct. 30, 2003, no pet.) (mem. op., not designated for publication) (both finding Rule 609 complaint on appeal not preserved by trial objection to relevance).

Appellant further contends that the record shows it was apparent to the trial court that his voiced Rule 403 objection included the Rule 609 ground.[5] Having examined the

---

[5] *See* Tex. R. App. P. 33.1(a)(1)(A) (referring to occasions on which specific grounds for complaint to trial court are "apparent from the context"). Appellant also points to the bases underlying his motion in limine filed at trial with regard to the State's intentions to offer his prior convictions. He points out his motion referred specifically to Rule 609. A grant of a motion in limine is only a preliminary ruling, and does not preserve error in the admission of evidence; a separate trial objection must be made at the time the evidence is offered for admission. *Geuder v. State*, 115 S.W.3d 11, 14-15 (Tex. Crim. App. 2003). *See also Nobles v. State,* No. 04-09-0234-CR, 2010 Tex.App. LEXIS 2605, at *3 (Tex.App.—San Antonio April 14, 2010, pet. ref'd) (motion in limine as to Rule 609 did not preserve error when no objection and ruling was obtained on that basis at trial).

4

record closely, we cannot agree with appellant's contention. In particular, we agree with the State that the court's, and appellant's, continued references to Rule 403 following the trial court's statement that the attempted murder conviction also was admissible "as a prior felony conviction for impeachment purposes" indicates that both appellant and the trial court were focused at that time on Rule 403.[6] We conclude no objection based on inadmissibility of the prior convictions under Rule 609 was preserved for review.

Moreover, even had the issue been preserved and had we determined the court erred by admitting evidence of the retaliation and attempted murder convictions, the error was harmless. Error in the admission of evidence of an extraneous offense constitutes nonconstitutional error that is subject to harm analysis. *Boyd v. State,* 899 S.W. 371, 375-76 (Tex.App.—Houston [14th Dist.] 1995, no writ). We are to disregard nonconstitutional error that does not affect the substantial rights of the defendant. Tex. R. App. P. 44.2(b). A substantial right is affected when the error had a substantial and injurious effect or influence in determining the jury's verdict. *Russell v. State,* 113 S.W.3d 530, 549 (Tex.App.—Fort Worth 2003, pet. ref'd), *citing King v. State,* 953 S.W.2d 266, 271 (Tex.Crim.App. 1997).

---

[6] The State gave notice to appellant of its intention to offer evidence of the prior convictions, pursuant to Rules of Evidence 404(b) and 609. Neither party on appeal discusses the admissibility of appellant's prior retaliation and attempted murder convictions to rebut his claim of self-defense. *See, e.g.*, *Deleon,* 126 S.W.3d at 213. *See also Lemmons v. State,* 75 S.W.3d 513, 522-23 (Tex.App.—San Antonio 2002, pet. ref'd) (extraneous offense evidence offered by the State to show murder defendant was aggressor in the past was relevant to rebut his self-defense claim); *White v. State,* No. 11-08-00241-CR, 2010 Tex.App. LEXIS 5604, at *10 (Tex.App.—Eastland July 15, 2010, no pet.) (mem. op., not designated for publication) (similar finding).

The evidence of appellant's prior retaliation and attempted murder convictions was admitted at the very end of the State's case and was not mentioned again, in either testimony or argument. Additionally, testimony of disinterested witnesses supported the parking lot attendant's version of events, and appellant acknowledged striking and kicking the attendant. We agree with the State that admission of the convictions did not have a substantial and injurious effect or influence on the jury's verdict.

Accordingly, we overrule appellant's sole issue and affirm the judgment of the trial court.

James T. Campbell
Justice

Publish.