NO. 07-11-00222-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL A

DECEMBER 20, 2012

MICHAEL ANTHONY PENA, APPELLANT

v.

THE STATE OF TEXAS, APPELLEE

FROM THE 121ST DISTRICT COURT OF YOAKUM COUNTY;

NO. 2871; HONORABLE KELLY G. MOORE, JUDGE

Before CAMPBELL and HANCOCK and PIRTLE, JJ.

**MEMORANDUM OPINION**

Appellant, Michael Anthony Pena, appeals his conviction for the offense of driving while intoxicated with a child passenger.[1] Following a pre-sentence investigation report and after a hearing on punishment before the trial court, appellant was sentenced to confinement in a State Jail Facility (SJF) for two years with the confinement suspended and appellant placed on community supervision for a period of four years. Appellant appeals contending that the trial court erred: 1) in allowing evidence of the results of a blood test run at the Yoakum County Hospital to be admitted, 2) in

---

[1] See TEX. PENAL CODE ANN. § 49.045. (West 2011).

permitting the State's witness to express an opinion about appellant's intoxication at the time of the arrest based upon retrograde extrapolation of his blood alcohol level at the time of the blood draw, and 3) in omitting an instruction on "normal use" of appellant's faculties. We affirm.

## Factual and Procedural Background

Appellant does not challenge the sufficiency of the evidence; therefore, we will discuss only so much of the facts as required for our decision. On July 6, 2010, appellant was stopped for speeding in Yoakum County. After encountering appellant during the traffic stop, Department of Public Safety Trooper Robles[2] suspected that appellant was intoxicated. As a result of his suspicion, Robles initiated an investigation for driving while intoxicated. After conducting field sobriety tests on appellant, Robles requested appellant take a preliminary breath test. Based upon appellant's performance on these tests, Robles decided to arrest appellant for driving while intoxicated with a child passenger.[3]

After arresting appellant, Robles took appellant to the Yoakum County Hospital to obtain blood samples for testing. Appellant agreed to provide the blood specimens. Subsequently, two specimens of appellant's blood were obtained by the medical technologist on duty, Christopher Ibonaw. One sample was sent to the Department of

---

[2] Robles had promoted to Sergeant by the time of trial.

[3] The record is clear that appellant's son, who was under 15 years of age, was a passenger in the vehicle at the time of the arrest.

Public Safety (DPS) regional laboratory for testing. The other sample was tested at the hospital.

The sample tested locally was tested as a blood serum sample by analysis in a Siemens Dimension RxL analyzer. Testimony at trial revealed that the blood serum sample tested positive for alcohol with a concentration of 102 milligrams per deciliter of blood serum. Prior to admission of State's Exhibit 9, the report of the blood serum analysis, appellant objected on the grounds of the reliability of the analyzer. The trial court overruled the objection. Additionally, appellant's trial counsel appeared to be objecting to the reliability of the medical technologist taking the sample and running the analyzer, although a review of the record reveals that such an objection was not clear.

The sample sent to the DPS regional lab was tested by Scott Williams, a forensic scientist. Williams testified that the sample was tested using headspace gas chromatography. Williams testified that appellant's blood alcohol level was 0.09 grams of alcohol per 100 milliliters of blood. After being recalled by the State, Williams was asked if he could provide an opinion about appellant's blood alcohol level at the time of appellant's arrest based upon extrapolation techniques. Williams said that he could and eventually opined that appellant's blood alcohol level at the time of his arrest was 0.108, well above the 0.08 legal presumption level. Prior to Williams's testimony, appellant objected that Williams lacked sufficient data on which to base his extrapolation testimony. The trial court overruled this objection.

At the conclusion of the evidence, the trial court prepared the "Charge of the Court." Appellant did not object to the proposed charge, however, appellant did request

3

the trial court include within the charge a definition of the term "normal use," which the trial court denied. The jury returned a verdict of guilty and appellant proceeded to try the issue of punishment before the trial court. After receiving a pre-sentence investigation report and evidence regarding punishment, the trial court assessed appellant's punishment at confinement in an SJF for two years but suspended the term of confinement and placed appellant on community supervision for a period of four years.

Appellant has appealed the judgment of the trial court through four issues. The first two issues deal with the trial court's admission of the results of the blood serum test. The third issue contends that Scott Williams was not qualified to give an opinion regarding appellant's blood alcohol level at the time of his arrest. The last issue contends that the trial court erred in refusing to give the definition of "normal use" as requested. We will affirm the judgment of the trial court.

Blood Serum Test

Appellant has lodged two separate objections to the results of the blood serum test performed at Yoakum County Hospital. First, appellant contends that the trial court erred in overruling his objection that there was no showing that the device used to analyze the blood serum for alcohol content was reliable. Next, appellant contends that the Yoakum County Hospital was functioning as a crime laboratory for purposes of forensic analysis of the blood serum but was not accredited pursuant to article 38.35 of the Texas Code of Criminal Procedure. See TEX. CODE CRIM. PROC. ANN. art. 38.35 (West Supp. 2012).

4

A trial court's ruling on the admissibility of evidence is reviewed for an abuse of discretion. See Coble v. State, 330 S.W.3d 253, 272 (Tex.Crim.App. 2010). Even if we assume, for purposes of this opinion, that appellant is correct in both of his contentions regarding the results of the blood serum test, there is still no harm suffered by appellant. We review error of this nature for non-constitutional harm. See TEX. R. APP. P. 44.2(b).[4] Rule 44.2(b) states that, "Any other error, defect, irregularity, or variance that does not affect substantial rights must be disregarded." A substantial right is affected when the error had a substantial and injurious effect or influence in determining the jury's verdict. Coble, 330 S.W.3d at 280. In conducting a harm analysis under Rule 44.2(b), we review the entire record to ascertain the effect or influence of the wrongfully admitted evidence. See Barshaw v. State, 342 S.W.3d 91, 93-94 (Tex.Crim.App. 2011); Motilla v. State, 78 S.W.3d 352, 355-56 (Tex.Crim.App. 2002).

The record reveals that appellant was initially stopped for a traffic violation, speeding. After visiting with appellant inside his vehicle, Robles detected a mild odor of an alcoholic beverage coming from appellant. As a result, Robles decided to conduct field sobriety tests on appellant. Appellant was asked to perform three of the standard field sobriety tests: the horizontal gaze nystagmus, the walk-and-turn, and the one leg stand. Robles testified at length about appellant's performance on each test and that appellant exhibited signs of intoxication while performing each of the tests. At the conclusion of the standard field sobriety tests, appellant was also asked to take a preliminary breath test. After administering all of the tests to appellant, Robles testified

---

[4] Further reference to the Texas Rules of Appellate Procedure will be by reference to "Rule ____."

that he was of the opinion that appellant was intoxicated and, therefore, placed him under arrest for driving while intoxicated with a child passenger. During Robles's interview with appellant, appellant admitted to having drank beer prior to being stopped for speeding. Robles testified that appellant initially said he had drunk only two beers but later changed his statement to two or three beers. After placing appellant under arrest, Robles took him to the Yoakum County Hospital where two blood samples were drawn. One sample is the one to which appellant is objecting. The second sample was sent to the regional DPS lab for analysis. Scott Williams, forensic scientist at the DPS lab, testified that he analyzed the sample of appellant's blood for the presence and amount of alcohol using headspace gas chromatography. As a result of his testing, he determined that appellant's blood sample contained 0.09 grams of alcohol per one hundred milliliters of blood. This testimony was received without objection.

The trial court submitted a charge that tracked the statutory definition of intoxication. See TEX. PENAL CODE ANN. § 49.01(2) (West 2011).[5] The charge reads as follows:

> "Intoxicated" means not having the normal use of mental or physical faculties by reason of the introduction of alcohol, a controlled substance, a drug, a dangerous drug, a combination of two or more of those substances, or any other substance into the body; or having an alcohol concentration of 0.08 or more.

The record reveals that, during final arguments, the State recounted the evidence that, according to the State, demonstrated both a loss of the normal use of mental and physical faculties and a blood alcohol concentration above 0.08. In reference to the

---

[5] Further reference to the Texas Penal Code will be by reference to "section ____" or "§ _____."

6

latter, the State referred to both the blood serum test and the DPS whole blood analysis. Additionally, during closing arguments, the State talked at length about signs of loss of normal use of mental or physical faculties, particularly impaired judgment. According to the State, one of the clearest signs of loss of judgment was appellant's decision to get in the car with his minor son after consuming beer.

From our review of the entire record, we have a fair assurance that the error in admitting the blood serum testimony did not influence the jury, or had but a slight effect. See Johnson v. State, 967 S.W.2d 410, 417 (Tex.Crim.App. 1998). Accordingly, the blood serum evidence, which we assumed for purpose of analysis was erroneously admitted, did not have a substantial and injurious effect on the verdict. See Coble, 330 S.W.3d at 280. Therefore, as to both of appellant's contentions regarding the blood serum analysis, the error was harmless.

Retrograde Extrapolation Testimony

Appellant's third issue contends that the trial court committed reversible error by allowing Scott Williams to render an opinion as an expert witness regarding appellant's blood alcohol level at the time of his arrest. We review the decision of the trial court to admit expert testimony under an abuse of discretion standard. See id. at 272.

Before addressing the question posed by appellant's issue, we must first ascertain whether the issue before the Court comports with the objection lodged in the trial court. It is a well understood principal of appellate law that the objection lodged before the trial court must comport with the issue that is asserted on appeal. See Martinez v. State, 345 S.W.3d 703, 705 (Tex.App.—Amarillo 2011, no pet.) (citing Pena

v. State, 285 S.W.3d 459, 464 (Tex.Crim.App. 2009)).  If the objection at trial does not comport with the ground asserted on appeal, nothing is preserved for appellate review. Id.

Scott Williams was recalled as a witness for the apparent purpose of giving his opinion about appellant's blood alcohol level at the time of his arrest based upon the analysis of the blood sample taken approximately 35 minutes later.  When Williams was being asked preliminary questions, appellant's trial counsel interposed the following objection:

> Your Honor, I'm going to object under the rules of procedure as far as Rule 705, 702, and 703.[6]  The expert lacks sufficient information to form an expert opinion in this case.  And under rule 705(c), he has to have sufficient data in a particular case.  There's insufficient data because he's testified he's going to be making an estimate based on variables, and it's too uncertain to form an opinion that would be proof beyond a reasonable doubt in this case.

The trial court overruled the objection.  Later in the testimony, Williams was asked his opinion about appellant's blood alcohol concentration at the time of his arrest. Appellant's trial counsel then lodged the following objection:

> Your Honor, I also object to this because he's not laid the proper foundation.  We don't have access to his calculations that he's going to testify from.

---

[6] Although counsel said rules of procedure, it is clear that he was referring to the Rules of Evidence.

On appeal, although appellant couches his contention as an attack on the reliability of Williams's testimony, his argument merely attacks the qualifications of Williams to render an opinion. An objection to Williams's expertise or qualifications to render an opinion was never presented to the trial court. A fair reading of the objection and the context of the objection leads to the conclusion that the issue on appeal does not comport with the contention before this Court. See Martinez, 345 S.W.3d at 705. Accordingly, nothing has been preserved for appellate review. Id. We, therefore, overrule appellant's third issue.

Definition of Normal Use

Appellant's final issue contends that the trial court's refusal to include a proposed definition of normal use, as submitted by appellant, was error and that this error was harmful. The record reflects that the trial court prepared a proposed charge and asked trial counsel if he had any objections or additional requests. Trial counsel then requested the following definition of normal use: Normal use "means the manner in which the normal intoxicated person would be able to use his faculties."[7] The trial court denied the request.

Appellant was charged pursuant to section 49.045, which states that a person commits an offense if they are intoxicated while operating a motor vehicle, and the vehicle is occupied by a passenger who is younger than 15 years of age. The second requirement is not at issue in this appeal. As stated earlier in this opinion, intoxicated

---

[7] The State's brief points out, and we assume to be correct, that the requested charge should read "normal non-intoxicated person."

9

means loss of normal use of mental or physical faculties, as applicable in this case, by reason of the introduction of alcohol into the body or having a blood alcohol concentration of 0.08 or greater.  See § 49.01(2).  The statute does not define normal use of mental or physical faculties.  Thus, the statute provides for proof of intoxication by either an objective standard, 0.08 blood alcohol concentration, or a subjective standard, the loss of normal use of mental or physical faculties.  Murphy v. State, 44 S.W.3d 656, 660 (Tex.App.—Austin 2001, no pet.).  Because appellant submitted to the taking of a blood sample and there is testimony from Robles about appellant's actions in driving and performance in standardized field sobriety tests, both definitions of intoxication were before the jury.  What appellant is requesting is that this Court conclude that it is error for a trial court to refuse to define a term, normal use, that is not statutorily defined.

The Texas Court of Criminal Appeals recently addressed the issue of a trial court defining terms not otherwise defined.  See Kirsch v. State, 357 S.W.3d 645, 650 (Tex.Crim.App. 2012).  The Kirsch case dealt with the undefined term of "operating."  Id. The Court in Kirsch points out that Texas Government Code section 311.011 provides that statutorily undefined words and phrases shall be "construed according to the rules of grammar and common usage." Id. (quoting TEX. GOV'T CODE ANN. § 311.011 (West 2005)).  Section 311.011 of the Texas Government Code applies to construction of the Penal Code.  § 1.05(b) (West 2011).  There is no contention that the term normal use has acquired any technical or particular meaning which would require anything other than construction according to the rules of grammar and common usage.  See TEX. GOV'T CODE ANN. § 311.011.   Thus, we are left with a term that a jury may read to have

any meaning which is acceptable in common parlance.  Kirsch, 357 S.W.3d at 650 (citing Denton v. State, 911 S.W.2d 388, 390 (Tex.Crim.App. 1995)).

The trial court's charge is to set forth the law applicable to the case.  See TEX. CODE CRIM. PROC. ANN. art. 36.14 (West 2007).[8]  Generally speaking, a charge not derived from the Penal Code is not the applicable law under article 36.14.  See Kirsch, 357 S.W.3d at 651 (citing Walters v. State, 247 S.W.3d 204, 214 (Tex.Crim.App. 2007)). In this case, the trial court properly charged the jury on the law applicable to the case. Therefore, the trial court's denial of the requested definition did not violate the constraints of article 36.14 and was not error.  See arts. 36.14, 36.19.

Appellant's brief posits that, without the requested definition, a jury may be left unknowing and misled about the question of whether appellant suffered any impairment. However, the question posed by appellant assumes something that we may not assume.  Appellant assumes that a jury will not be able to determine whether an accused has lost the normal use of mental or physical faculties from a review of the evidence.  With nothing more than appellant's posit on this issue, we cannot agree. Further, where both the objective and subjective definitions of intoxication are alleged, appellant seems to be asking this Court to require the State elect which method of proving the offense it chooses to pursue.  This last argument is made without reference to any authority to support it.  Further, we know of none.  Accordingly, appellant's issue is overruled.

---

[8] Further reference to the Texas Code of Criminal Procedure will be by reference to "article ___" or "art. ___."

Conclusion

Having determined that there is no error in the trial court's judgment, we affirm the judgment rendered.


Mackey K. Hancock
Justice


Pirtle, J., concurring.


Do not publish.