**Opinion issued March 15, 2018**



**In The**

# Court of Appeals

**For The**

# First District of Texas

————————————

## NO. 01-15-00132-CR

————————————

**RICHARD CHARLES OWINGS, JR., Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

---

**On Appeal from the 262nd District Court**
**Harris County, Texas**
**Trial Court Case No. 1454997**

---

## MEMORANDUM OPINION

A jury convicted appellant, Richard Charles Owings, Jr., of the first-degree

felony offense of aggravated sexual assault of a child and assessed his punishment

at thirty years' confinement.[1]  In two issues, appellant contends that the trial court erred by (1) allowing the State to cross-examine him about the underlying facts of his prior conviction for aggravated robbery and (2) refusing to require the State to elect which of the instances of sexual assault presented in the trial testimony it would rely upon for a conviction.  On original submission, a majority of the panel reversed appellant's conviction and remanded the case for a new trial, holding that the trial court committed reversible error by failing to require the State to elect a specific instance of sexual assault.  Because the majority remanded the case for a new trial, it did not reach appellant's first issue.

The State subsequently filed a petition for discretionary review.  The Court of Criminal Appeals reversed the judgment of the majority, holding that the trial court's error in failing to require an election was harmless.  *See Owings v. State*, — S.W.3d —, No. PD-1184-16, 2017 WL 4973823, at *8 (Tex. Crim. App. Nov. 1, 2017).  The Court of Criminal Appeals therefore remanded the case to this Court to address appellant's remaining issue regarding the State's cross-examination of appellant concerning the underlying facts of his prior conviction.

We affirm.

---

[1]  *See* TEX. PENAL CODE ANN. § 22.021(a)(1)(B)(i)–(iii), 22.021(a)(2)(B) (West Supp. 2017).

2

**Background**

Appellant was previously married to F.M., the grandmother of the complainant, K.M. Appellant was not K.M.'s biological grandfather. K.M. and her mother occasionally lived with F.M. and appellant, and they lived in F.M.'s house for a period of time in 2009 and 2010. F.M. and appellant divorced in 2011.

In January 2013, K.M. disclosed to F.M. that appellant had sexually abused her beginning when she was five or six years old. At trial, K.M. specifically described four different instances of sexual abuse. She testified that one instance occurred in the bedroom that F.M. and appellant shared. K.M. described how appellant took off both of their clothes, laid her down on the bed, and vaginally penetrated her. K.M. testified that appellant routinely carried a knife with him and that he had it on this occasion. Appellant showed her the knife, "put it to [her]," and told her that if she told anybody about what he was doing, he would hurt her, someone else, or one of her pets. Appellant placed the knife on the nightstand next to the bed where he could reach it and where K.M. could see it.[2] K.M. then testified about three other specific instances of sexual assault, but she did not mention the presence of a knife in connection with those instances.

---

[2] After K.M. disclosed to F.M. that appellant had sexually abused her, she underwent a physical exam and a forensic interview. K.M. told the nurse practitioner conducting the exam and the forensic interviewer that appellant had threatened her with a knife.

Appellant testified on his own behalf and denied all of the allegations of inappropriate sexual behavior with K.M. He agreed that he commonly carried a knife with him in his front pocket and that he would put the knife on the nightstand by his bed when he took it off, but he denied pointing the knife at K.M. or threatening to harm other people or K.M.'s pets. When asked if K.M. was lying about the abuse allegations, appellant speculated that F.M. had encouraged K.M. to make allegations against him and that K.M. had received "a lot of positive attention" as a result of the allegations.

Appellant acknowledged on direct examination that he had been convicted of aggravated robbery in 1986 and felony driving while intoxicated in 2012. On cross-examination, appellant and the State had the following exchange:

| The State: | Okay. And so, Mr. Owings, we heard that you said that you were convicted of aggravated robbery, right? |
| --- | --- |
| Appellant: | Yes, I was. |
| The State: | And you were sentenced to 25 years in TDC? |
| Appellant: | Yes. |
| The State: | Fair to say then that you have threatened people with weapons before to get what you want? |
| Defense counsel: | Objection, Your Honor, it's not material or relevant. |
| The Court: | Overruled. |
| Defense counsel: | It's not for the purpose of—the reason that that offense was admitted. It was admitted for the purpose of impeachment. |

4

| | |
|---|---|
| The Court: | I understand. |
| The State: | So, you have threatened people with weapons to get what you want before, correct? |
| Appellant: | I thought I didn't go in there with a gun they wouldn't take me seriously. |
| The State: | Okay. Where did you go in? |
| Defense counsel: | Your Honor, I'm going to object. It's not material. |
| The Court: | Sustained. |

The State then asked appellant about his felony DWI conviction and did not ask any further questions about the aggravated robbery conviction. Neither party mentioned this testimony in closing argument.

Ultimately, the jury found appellant guilty of the offense of aggravated sexual assault of a child and assessed his punishment at thirty years' confinement.

**Underlying Facts of Prior Conviction**

In his sole remaining issue on appeal, appellant contends that the trial court erred by allowing the State to cross-examine him about the underlying facts of his prior conviction for aggravated robbery.

*A. Standard of Review and Governing Law*

We review a trial court's decision to admit or exclude evidence for an abuse of discretion. *Bowley v. State*, 310 S.W.3d 431, 434 (Tex. Crim. App. 2010). We will not reverse unless the record demonstrates a clear abuse of discretion. *Zuliani v. State*, 97 S.W.3d 589, 595 (Tex. Crim. App. 2003). A trial court abuses its

5

discretion only when the court's decision was so clearly wrong as to lie outside the zone within which reasonable persons might disagree. *Id.*

Rule of Evidence 609 permits the admission of evidence of the fact of a prior felony conviction offered to attack a witness's character for truthfulness. TEX. R. EVID. 609(a). However, the details of the prior conviction are generally inadmissible for the purpose of impeachment. *Mays v. State*, 726 S.W.2d 937, 953 (Tex. Crim. App. 1986); *Jabari v. State*, 273 S.W.3d 745, 753 (Tex. App.—Houston [1st Dist.] 2008, no pet.). "This is because evidence of prior convictions and extraneous bad acts 'is inherently prejudicial, tends to confuse the issues in the case, and forces the accused to defend himself against charges which he had not been notified would be brought against him.'" *Arebalo v. State*, 143 S.W.3d 402, 407 (Tex. App.—Austin 2004, pet. ref'd) (quoting *Albrecht v. State*, 486 S.W.2d 97, 100 (Tex. Crim. App. 1972)).

Error in the admission of evidence is non-constitutional error subject to a harm analysis under Texas Rule of Appellate Procedure 44.2(b). TEX. R. APP. P. 44.2(b); *Jabari*, 273 S.W.3d at 754. We disregard any non-constitutional error that does not affect the defendant's substantial rights. TEX. R. APP. P. 44.2(b); *Jabari*, 273 S.W.3d at 754. A substantial right is affected when the error had a substantial and injurious effect or influence in determining the jury's verdict. *Jabari*, 273 S.W.3d at 754 (citing *Morales v. State*, 32 S.W.3d 862, 867 (Tex. Crim. App. 2000)). We will not

6

overturn a conviction for non-constitutional error if, after examining the record as a whole, we have fair assurance that the error did not influence the jury or had but slight effect. *Id.* (citing *Johnson v. State*, 967 S.W.2d 410, 417 (Tex. Crim. App. 1998)).

**B.    *Preservation of Error***

The State contends that appellant failed to preserve his complaint for appellate review because appellant did not receive an adverse ruling from the trial court concerning this line of questioning. Specifically, the State argues that after defense counsel initially objected, the trial court overruled the objection. Then, the prosecutor re-stated the question, defense counsel objected a second time, and, this time, the trial court sustained the objection. Defense counsel did not request an instruction to disregard or move for a mistrial, and the State abandoned that line of questioning. The State argues that, as a result, appellant "received the relief he requested," and, therefore, he cannot raise this complaint on appeal.

The trial court did sustain an objection during the State's line of questioning, but it did not sustain an objection to the question that appellant complains about on appeal. The State asked appellant, "Fair to say then that you have threatened people with weapons before to get what you want?" Defense counsel objected, arguing that this question was not "material or relevant" and that appellant's prior conviction was "admitted for the purpose of impeachment." The trial court overruled the objection,

7

and the State again asked, "So, you have threatened people with weapons to get what you want before, correct?" Defense counsel did not object to this question. Instead, appellant answered, stating, "I thought [if] I didn't go in there with a gun they wouldn't take me seriously." The State then asked, "Where did you go in?" Defense counsel objected to this question, stating, "It's not material." The trial court sustained this objection, and the State moved on to a different line of questioning.

Appellant does not complain about the State's second question—"Where did you go in?"—on appeal. Instead, he complains about the question, "Fair to say then that you have threatened people with weapons before to get what you want?" The trial court did not sustain an objection to that question. Thus, contrary to the State's assertion, appellant did not receive the relief that he requested with respect to the question he complains about on appeal.

However, although appellant did not receive the relief that he requested, we nevertheless agree with the State that appellant did not preserve his complaint for appellate review. To preserve a complaint for appellate review, the complaining party must "let the trial judge know what he wants, why he thinks he is entitled to it, and . . . do so clearly enough for the judge to understand him at a time when the judge is in the proper position to do something about it." *Pena v. State*, 285 S.W.3d 459, 464 (Tex. Crim. App. 2009) (quoting *Lankston v. State*, 827 S.W.2d 907, 909 (Tex. Crim. App. 1992)). The party's complaint on appeal must comport with the

8

complaint made at trial. *Id.*; *see Clark v. State*, 365 S.W.3d 333, 339 (Tex. Crim. App. 2012) (stating that, to preserve error, "[t]he point of error on appeal must comport with the objection made at trial" and noting that even constitutional errors can be forfeited by failure to properly object at trial).

Here, the following exchange occurred:

| The State: | Fair to say then that you have threatened people with weapons before to get what you want? |
| Defense counsel: | Objection, your Honor, it's not material or relevant. |
| The Court: | Overruled. |
| Defense counsel: | It's not for the purpose of—the reason that that offense was admitted. It was admitted for the purpose of impeachment. |
| The Court: | I understand. |

Defense counsel therefore objected on the basis that the State's question was not "material or relevant" and that appellant's prior conviction for aggravated robbery was "admitted for the purpose of impeachment."

Defense counsel did not object on the basis that, although the fact of a prior conviction is admissible pursuant to Rule 609, the underlying details of that prior conviction are generally not admissible. Defense counsel also did not object on the basis that the question sought improper character evidence in violation of Rule of Evidence 404(b), which he also argues on appeal. Appellant's objection at trial, therefore, does not comport with the complaint asserted on appeal, and he has thus

9

failed to preserve this complaint for appellate review. *See Pena*, 285 S.W.3d at 464; *see also Medina v. State*, 7 S.W.3d 633, 643 (Tex. Crim. App. 1999) (holding that relevancy objection at trial does not preserve error concerning Rule 404 claim); *Martinez v. State*, 345 S.W.3d 703, 705 (Tex. App.—Amarillo 2011, no pet.) (stating that objection based on Rule 609 was not "inherent" in defendant's Rule 403 objection made at trial and citing unpublished memorandum opinions holding that trial objections based on Rule 404 and relevancy grounds do not preserve Rule 609 complaints for appellate review).

## C.    Analysis

Even if appellant had preserved his complaint that the trial court erroneously allowed the State to elicit underlying details of his prior conviction for aggravated robbery, we conclude that any error in allowing this testimony was harmless.

The trial court properly admitted evidence that appellant had a prior aggravated robbery conviction from 1986. The trial court then allowed the State to ask appellant, "Fair to say then that you have threatened people with weapons before to get what you want," implying that appellant used a weapon while committing the aggravated robbery.[3] Appellant confirmed this implication, stating, "I thought [if] I didn't go in there with a gun they wouldn't take me seriously." This was the only

---

[3]     *See* TEX. PENAL CODE ANN. § 29.03(a)(2) (West 2011) (providing that person commits offense of aggravated robbery if he commits offense of robbery and he "uses or exhibits a deadly weapon").

10

testimony admitted concerning the details of appellant's aggravated robbery conviction.

With respect to the charged offense of aggravated sexual assault against K.M., K.M. testified unequivocally that appellant had sexually assaulted her on several occasions over the course of several years, and she provided detailed testimony about four specific different occasions, including the acts that appellant made her perform and where the acts occurred. F.M., the nurse who conducted K.M.'s physical exam, and K.M.'s forensic interviewer all testified that K.M. disclosed to them instances of sexual abuse that were consistent with her trial testimony. K.M. testified, without objection, that appellant, who routinely carried a knife with him at all times, used that knife on one occasion to threaten her while he sexually assaulted her, pointing the knife at her, laying it on the nightstand within his reach and within her line of sight, and threatening the safety of others and her pets if she told anyone about what happened. The nurse who conducted K.M.'s physical exam and K.M.'s forensic interviewer both testified, without objection, that K.M. disclosed to them that appellant had threatened her with his knife. Appellant denied the allegations against him and suggested that K.M. had been "encouraged" to make the allegations against him by F.M.

This case hinged on the jury's assessment of K.M.'s credibility versus its assessment of appellant's credibility. Appellant admitted that he had two prior

felony convictions, including one for aggravated robbery, which could have affected his credibility. *See Arebalo*, 143 S.W.3d at 410 (noting, in concluding that erroneous admission of details of defendant's prior conviction was harmless, that defendant had admitted his prior conviction and "the fact of the conviction itself indicated some propensity towards violence and could have weighed against his credibility"). The trial court included the following instruction in its charge to the jury:

> You are instructed that certain evidence was admitted before you in regard to the defendant having been charged and convicted of an offense or offenses other than the one for which he is now on trial. Such evidence cannot be considered by you against the defendant as any evidence of guilt in this case. Said evidence was admitted before you for the purpose of aiding you, if it does aid you, in passing upon the weight you will give his testimony, and you will not consider the same for any other purpose.

Furthermore, after the trial court sustained an objection from defense counsel regarding the State's inquiry into details of appellant's prior aggravated robbery conviction, the State moved on to asking about appellant's other felony conviction. Neither party again addressed the details of appellant's aggravated robbery conviction, in questioning or in argument, and neither party again mentioned the knife exhibited during the assaults on K.M.

Based on this record, in which appellant provided brief testimony about the details of a prior conviction while the State presented strong evidence of the charged offense, we conclude that the trial court's error in allowing the State to elicit a detail of appellant's prior aggravated robbery conviction did not have a substantial or

injurious effect in determining the jury's verdict and did not affect appellant's substantial rights. *See* TEX. R. APP. P. 44.2(b); *Jabari*, 273 S.W.3d at 754 (noting, in holding that trial court's error in allowing details of defendant's prior convictions was harmless, that "[a]mple other evidence existed on which the jury could have found [the defendant] guilty").

We overrule appellant's sole remaining issue.

## Conclusion

We affirm the judgment of the trial court.

Evelyn V. Keyes
Justice

Panel consists of Justices Jennings, Keyes, and Bland.

Do not publish. TEX. R. APP. P. 47.2(b).