**Opinion issued February 14, 2019**



In The

# Court of Appeals

For The

# First District of Texas

————————————

## NO. 01-18-00283-CR

————————————

**MICHAEL WILLIAMS, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

On Appeal from the Criminal District Court No. 2[1]
Tarrant County, Texas
Trial Court Case No. 1495720D

---

[1]   Pursuant to its docket equalization authority, the Supreme Court of Texas transferred this appeal from the Court of Appeals for the Second District of Texas to this Court. *See* Misc. Docket No. 18-9049, Transfer of Cases from Courts of Appeals (Tex. Mar. 27, 2018); *see also* TEX. GOV'T CODE § 73.001 (authorizing transfer of cases). We are unaware of any conflict between precedent of that court and that of this court on any relevant issue. *See* TEX. R. APP. P. 41.3.

# MEMORANDUM OPINION

Michael Williams appeals his felony conviction for assault causing bodily injury to his girlfriend. *See* TEX. PENAL CODE § 22.01(a)(1), § 22.01(b)(2). In two issues, he argues that the trial court reversibly erred by admitting evidence of his prior convictions. The State contends that Williams failed to preserve both issues and requests that we reform the trial court judgment to conform with the record that Williams did not plead guilty. We modify the judgment to accurately reflect the plea and affirm the judgment as modified.

## Background

On March 26, 2017, Williams assaulted his girlfriend by punching her in the face. A Tarrant County grand jury indicted Williams for assault. The indictment alleged that he had previously been convicted of a similar offense.

The case was tried to a jury. Williams testified in his own defense. On cross-examination, the State asked him about several prior convictions, and without objection, Williams affirmed that he committed each one. The State then sought admission of a penitentiary packet ("pen packet") containing Williams's criminal history. Williams's counsel objected on relevancy grounds. *See* TEX. R. EVID. 402. The objection was overruled, and the court admitted the exhibit.

Williams was found guilty as charged. The court assessed punishment at 20 years' imprisonment. This appeal followed.

**Admission of the Penitentiary Packet**

Williams contends that the trial court reversibly erred by admitting the pen packet into evidence. He argues that the evidence was unnecessarily cumulative because the criminal history portion of the packet duplicated his testimony about his prior convictions, and therefore, it should have been excluded because its probative value was outweighed by its prejudicial effect. *See* TEX. R. EVID. 609(a). The State argues that Williams did not preserve the issue for our review. We agree with the State.

## A.  Standard of Review and Applicable Law

We review a trial court's decision to admit or exclude evidence for an abuse of discretion. *Martinez v. State*, 327 S.W.3d 727, 736 (Tex. Crim. App. 2010). The trial court does not abuse its discretion unless its determination lies outside the zone of reasonable disagreement. *Id.*

Criminal history may be admissible to impeach a witness's credibility for truthfulness if: (1) the crime was a felony or involved moral turpitude; (2) the probative value of the evidence outweighs its prejudicial effect; and (3) it is elicited from the witness or established by public record. TEX. R. EVID. 609(a). Details of a conviction are generally inadmissible for the purposes of impeachment. *Jabari v. State*, 273 S.W.3d 745, 753 (Tex. App.—Houston [1st Dist.] 2008, no pet.).

Error in the admission of evidence is non-constitutional error subject to a harm analysis under Texas Rule of Appellate Procedure 44.2(b). *See Johnson v. State*, 967 S.W.2d 410, 417 (Tex. Crim. App. 1998); TEX. R. APP. P. 44.2(b). We disregard any non-constitutional error that does not affect substantial rights. TEX. R. APP. P. 44.2(b). A substantial right is affected when the error had a substantial and injurious effect or influence in determining the jury's verdict. *King v. State*, 953 S.W.2d 266, 271 (Tex. Crim. App. 1997). We will not overturn a conviction for non-constitutional error if, after examining the record, we have fair assurance that the error did not influence the jury or had but slight effect. *Johnson*, 967 S.W.2d at 417.

## B.    Preservation of Error

Before a reviewing court may determine whether a trial court erred in the admission of evidence, the error must have been preserved by a proper objection and a ruling on that objection. *Geuder v. State*, 115 S.W.3d 11, 13 (Tex. Crim. App. 2003); *Martinez v. State* 98 S.W.3d 189, 193 (Tex. Crim. App. 2003); *Leyba v. State*, 416 S.W.3d 563, 569 (Tex. App.—Houston [14th Dist.] 2013, pet. ref'd). A proper objection is one that is timely and specific. TEX. R. APP. P. 33.1. To preserve a complaint for appellate review, the complaining party must "let the trial judge know what he wants, why he thinks he is entitled to it, and . . . do so clearly enough for the judge to understand him at a time when the judge is in the proper

4

position to do something about it." *Pena v. State*, 285 S.W.3d 459, 464 (Tex. Crim. App. 2009) (internal quotation omitted). The party's complaint on appeal must comport with the complaint made at trial. *Id.* If it does not, the matter is not preserved for appellate review. *Id.*

On appeal, Williams argues that the factors set out in *Theus v. State*, 845 S.W.2d 874, 880 (Tex. Crim. App. 1992), which govern impeachment by evidence of a criminal conviction, required exclusion of the pen packet. *See* TEX. R. EVID. 609. But at trial, he objected to the admission of the packet on relevancy grounds. *See* TEX. R. EVID. 402. His trial objection, therefore, does not comport with the complaint asserted on appeal, and he failed to preserve his complaint for appellate review. *See Pena*, 285 S.W.3d at 464; *see also Medina v. State*, 7 S.W.3d 633, 643 (Tex. Crim. App. 1999) (holding that relevancy objection at trial does not preserve error concerning Rule 404 claim); *Martinez v. State*, 345 S.W.3d 703, 705 (Tex. App.—Amarillo 2011, no pet.) (stating that objection based on Rule 609 was not "inherent" in defendant's voiced Rule 403 objection and citing unpublished memorandum opinions holding that trial objections based on Rule 403 and 404 and relevancy grounds do not preserve Rule 609 complaints for appellate review). We overrule Williams's first issue.

**Admission of Prior Convictions**

In his second issue, Williams argues that the trial court reversibly erred by admitting evidence of four prior felony convictions from 1987 to 1992. *See* TEX. R. EVID. 609(b) (imposing limits on admissibility of convictions after ten years has elapsed since date of conviction or release of confinement for it). On cross-examination, Williams affirmed that he had several prior convictions.[2] The convictions were also listed in Williams's pen packet which was admitted into evidence by the State. On appeal, he argues that four convictions, dating from 1987 to 1992, were inadmissible unless the trial court found their probative value substantially outweighed any prejudicial effect. *See id.* The State argues that Williams did not preserve this complaint for appellate review. We agree with the State.

## A. Analysis

Before a reviewing court may determine whether a trial court erred in the admission of evidence, the error must have been preserved by a proper objection and a ruling on that objection. *Geuder*, 115 S.W.3d at 13; *Martinez*, 98 S.W.3d at 193; *Leyba*, 416 S.W.3d at 569.

---

[2] Specifically, Williams affirmed that he was released from prison for a robbery conviction in 2009, that he pleaded guilty to aggravated assault in 1987, and that his record included: (1) a conviction for possession of a controlled substance in a penal institution in 1992; (2) two aggravated robbery convictions in 1987, a conviction for attempted murder in 1987; (3) a conviction for unlawful possession of a prohibited weapon; and (4) a conviction for unauthorized use of a vehicle.

Williams did not preserve his complaint for appellate review. Williams testified at trial. On cross-examination, the State questioned him about several prior convictions. Williams answered the State's questions, establishing each of the complained of prior convictions. His counsel did not object during the testimony. The State then sought admission of a pen packet containing Williams's criminal record. Williams's counsel did not object to admission of the packet under Rule 609(b). *See Pena*, 285 S.W.3d at 464 (requiring trial objection to comport with objection on appeal to preserve error for review). Because he did not properly object in the trial court, Williams did not preserve a complaint regarding his prior convictions for appellate review.

We overrule Williams's second issue.

### Reformation of the Judgment

In a footnote, the State urges us to reform the judgment to comport with the record and to reflect that Williams did not plead guilty.[3] We have the authority to reform a judgment to make the record speak the truth when the matter has been called to our attention by any source. *French v. State*, 830 S.W.2d 607, 609 (Tex. Crim. App. 1992); TEX. R. APP. P. 43.2(b); *see also Rhoten v. State*, 299 S.W.3d 349, 356 (Tex. App.—Texarkana 2009, no pet.) (reforming judgment that incorrectly stated defendant pleaded "guilty" where record made clear that she

---

[3] The trial court judgment states that Williams pleaded guilty, but the record reflects that the court entered a plea of not guilty.

pleaded "not guilty"). Because the record does not accurately reflect Williams's plea, we modify the judgment to reflect that he pleaded "not guilty" to the offense charged.

## Conclusion

We affirm the judgment of the trial court as modified.

Peter Kelly
Justice

Panel consists of Justices Lloyd, Kelly, and Hightower.

Do not publish. TEX. R. APP. P. 47.2(b).