

# COURT OF APPEALS
# EIGHTH DISTRICT OF TEXAS
# EL PASO, TEXAS

---

No. 08-25-00015-CR

---

Darren Nevares, Appellant

v.

The State of Texas, Appellee

---

**On Appeal from the 433rd District Court**
**Comal County, Texas**
**Trial Court No. CR2018-377D**

---

## MEMORANDUM OPINION[1]

In two issues, Appellant Darren Nevares challenges his conviction for aggravated assault with a deadly weapon, asserting: (1) he received ineffective assistance of counsel, and (2) the trial court abused its discretion by admitting his prior convictions. We affirm.

---

[1] This case was transferred pursuant to the Texas Supreme Court's docket equalization efforts. Tex. Gov't Code Ann. § 73.001. We follow the precedent of the Third Court of Appeals to the extent it might conflict with our own. *See* Tex. R. App. P. 41.3.

## I. BACKGROUND

On November 9, 2017, Nevares and the complainant were traveling in separate vehicles on Interstate 410 near New Braunfels, Texas. After what the complainant described as several road rage exchanges between him and Nevares, they took the same exit and pulled into a Lowe's parking lot where Nevares stabbed the complainant in the abdomen with a knife. Police arrested Nevares that day and recovered a knife from his vehicle. The complainant was hospitalized and recovered shortly after.

Nevares was indicted on May 9, 2018 for aggravated assault with a deadly weapon. The indictment included two prior felony convictions for attempted murder and aggravated assault as enhancement allegations. At the jury trial held in November 2024, the State presented an eyewitness to the stabbing, several responding officers, a paramedic, and the complainant. The jury also viewed the eyewitness's video of the stabbing, which was admitted without objection. Nevares claimed self defense and testified, denying any road rage interaction and asserting that the complainant attacked him outside of Lowe's. During the punishment phase, Nevares pleaded true to both enhancement paragraphs, and he and several family members testified on his behalf. The jury found Nevares guilty of aggravated assault with a deadly weapon and found both enhancement paragraphs true. The trial court sentenced Nevares to 10 years confinement in accordance with the jury's recommendation. This appeal followed.

## II. INEFFECTIVE ASSISTANCE OF COUNSEL

In his first issue, Nevares seeks reversal of his conviction for aggravated assault with a deadly weapon, asserting he received ineffective assistance of counsel and was deprived a fair trial.

### A. Applicable law and standard of review

We review the adequacy of representation at trial by the two-step test articulated in *Strickland v. Washington* 466 U.S. 668, 687 (1984). To reverse a conviction for ineffective assistance of counsel, the defendant must show: (1) counsel's performance was deficient; and (2) counsel's deficient performance prejudiced the defendant. *Id*. To establish deficiency, an appellant must show, by a preponderance of the evidence, that his counsel's actions "fell 'below the professional norm of reasonableness.'" *Tanner v. State*, 707 S.W.3d 371, 376 (Tex. Crim. App. 2024). "There is a strong presumption that counsel's conduct fell within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action 'might be considered sound trial strategy.'" *Hart v. State*, 667 S.W.3d 774, 781 (Tex. Crim. App. 2023) (citing *Strickland*, 466 U.S. at 689). Reviewing courts should evaluate the reasonableness of counsel's actions at the time of trial, rather than through the benefit of hindsight. *Strickland*, 466 U.S. at 689. In doing so, courts should consider the totality of the circumstances to determine whether counsel's actions fall outside the wide range of professionally competent assistance. *Id*. at 690.

Prejudice may be measured in several ways and depends on the possible result of the deficient performance—a reasonable probability of a different outcome, or a reasonable probability of a different decision by the defendant. *Swinney v. State*, 663 S.W.3d 87, 90 (Tex. Crim. App. 2022). If the alleged deficiency pertains to a guilty verdict, the showing of prejudice depends on "a reasonable probability that, absent the errors, the factfinder would have had a reasonable doubt respecting guilt." *Id*. (citing *Strickland*, 466 U.S. at 695). If the alleged deficiency pertains to punishment, prejudice depends on a reasonable probability that a more lenient punishment would have been assessed absent the errors. *Id*. However, if the alleged

deficiency involves the waiver of proceedings a defendant was otherwise entitled to, then a reasonable probability that the deficient performance caused the waiver fulfills the prejudice requirement. *Id*. "In that situation the focus is on the defendant's decision making." *Id*.

An appellant bears the burden to prove ineffectiveness by a preponderance of the evidence. *Tanner*, 707 S.W.3d at 376. Failure to prove either prong of the *Strickland* test defeats a claim of ineffective assistance. *Id*. at 377–78. "Any allegation of ineffectiveness must be firmly founded in the record, and the record must affirmatively demonstrate the alleged ineffectiveness." *Thompson v. State*, 9 S.W.3d 808, 813 (Tex. Crim. App. 1999). Records on direct appeal are "usually inadequately developed and 'cannot adequately reflect the failings of trial counsel' for an appellate court 'to fairly evaluate the merits of such a serious allegation.'" *Lopez v. State*, 343 S.W.3d 137, 143 (Tex. Crim. App. 2011) (citations omitted). For these reasons, claims of ineffective assistance "are generally not successful on direct appeal and are more appropriately urged in a hearing on an application for a writ of habeas corpus." *Id*. (citations omitted).

**B. Analysis**

To establish ineffective assistance of counsel, Nevares must show: (1) counsel's performance was deficient; and (2) counsel's deficient performance prejudiced him. *Strickland*, 466 U.S. at 687. Nevares must prove both *Strickland* prongs by a preponderance of the evidence in order to prevail. *Tanner*, 707 S.W.3d at 377–78. Nevares asserts six instances in which he claims defense counsel was ineffective.

**(1) First and second alleged acts of ineffective assistance**

Nevares first alleges "[t]here were zero pretrial motions filed on [his] behalf." He also asserts defense counsel was ineffective because he "spent approximately 5 pages of the record conducting voir dire, whereas the State spent approximately 87 pages . . . conducting voir dire."

Aside from these allegations, Nevares does not address—either through argument or caselaw—how the lack of pretrial motions or the shorter (than the prosecutor's) voir dire was deficient or fell below the professional norm of reasonableness or why these actions could not have been strategic choices. *See Huynh v. State*, 833 S.W.2d 636, 638 (Tex. App.—Houston [14th Dist. 1992, no pet.) ("Failure to file pre-trial motions, in itself, does not result in ineffective assistance of counsel."); *see also Goodspeed v. State*, 187 S.W.3d 390, 392–94 (Tex. Crim. App. 2005) ("[W]e cannot conclude that the failure to ask any questions in voir dire constitutes conduct so outrageous that no competent attorney would have engaged in it. Defense counsel's articulated reason for declining to ask questions–that the prosecution's questioning adequately covered the defense's concerns–could be a legitimate trial strategy under the appropriate circumstances."). Nevares has failed to demonstrate how these two allegations of ineffective assistance were deficient or overcome the presumption that such actions were sound trial strategy. *See Strickland*, 466 U.S. at 689. He also fails to address the required prejudice showing—the reasonable probability of a different outcome for either alleged deficiency. *See Ex parte Martinez*, 195 S.W.3d 713, 730 n.14 (Tex. Crim. App. 2006) ("Applicant does not set forth any legal or factual arguments, either in his writ or in his brief to this Court, how applicant was prejudiced by the alleged failure[.] Accordingly, we would be authorized to deny relief on this failure alone."); *see also Ladd v. State*, 3 S.W.3d 547, 570 (Tex. Crim. App. 1999) ("[A]ppellant has made no effort to prove the prejudice prong of the *Strickland* test. That failure precludes any relief."). Because Nevares has not met either *Strickland* prong, these two claims of ineffectiveness fail.

### (2) Third alleged act of ineffective assistance

Nevares next argues that defense counsel did not know how to properly admit the complainant's prior conviction. When defense counsel attempted to admit the conviction, the

5

prosecutor objected, asserting it was inadmissible under *Ex parte Miller*, which he described as an analogous case identifying two scenarios for admitting a complainant's prior bad acts—scenarios the prosecutor argued did not apply. 330 S.W.3d 610, 618 (Tex. Crim. App. 2009). Nevares complains of defense counsel's response, pointing to defense counsel's argument that the conviction "would bolster . . . that [the complainant] has a propensity towards aggression, and . . . violence; and . . . even more so, that his assault conviction occurred after the assault that he instigated on the day of this incident." According to Nevares, this argument "clearly shows that trial counsel did not understand the framework to admit this evidence, but also that he lacked a clear plan on how to admit evidence that the alleged victim had a reputation for being violent."

However, defense counsel also argued that *Ex parte Miller* was distinguishable and offered further argument in his attempt to admit the conviction. While defense counsel did attempt to admit the conviction, the prosecutor objected and disputed defense counsel's position, and the trial court ultimately ruled that the conviction was inadmissible. Nevares makes no showing—either through argument or caselaw—that counsel's attempt to admit the conviction rises to the level of deficient performance and has not overcome the presumption that counsel acted with sound trial strategy. *See Wills v. State*, 867 S.W.2d 852, 856 (Tex. App.—Houston [14th Dist. 1993, pet. denied) ("Because of the strong presumption that counsel's argument fell within a broad spectrum of trial strategy, the burden is on appellant to show that it did not."); *Tanner*, 707 S.W.3d at 376. Nevares also does not address how counsel's argument caused him prejudice. *See Ex parte Martinez*, 195 S.W.3d at 730 n.14 ("Applicant does not set forth any legal or factual arguments, either in his writ or in his brief to this Court, how applicant was prejudiced by the alleged failure[.] Accordingly, we would be authorized to deny relief on this failure alone."); *Ladd*, 3 S.W.3d at 570 ("Here, appellant has made no effort to prove the prejudice prong of the *Strickland* test. That failure

6

precludes any relief."). Because Nevares has failed to show deficiency and prejudice, this alleged instance of ineffectiveness fails.

### (3) Fourth alleged act of ineffective assistance

Nevares further contends that defense counsel was ineffective because he allegedly did not know how to impeach the complainant with prior recorded statements. Nevares relies on an exchange at trial where defense counsel believed the State would agree to admit the recorded statement after the complainant testified, but the prosecutor insisted that defense counsel could only do so by recalling the complainant to impeach him. Defense counsel explained, "If we want to recall him – – and play the video that way, that's fine. I was just trying to make it easy. I don't need him on the witness stand," and "I'm not going to badger [the complainant] any further, but I think the jury needs to see that interview[.]"). Defense counsel recalled the complainant, impeached him with inconsistent statements, and played portions of the recording in the presence of the jury.

Nevares fails to show—either through argument or caselaw—that counsel failed to impeach the complainant or how the exchange before the court was deficient, or how counsel's conduct was not reasonable trial strategy. Nevares also does not address how the alleged deficient performance caused him prejudice. *See Ex parte Martinez*, 195 S.W.3d at, 730 n.14 ("Applicant does not set forth any legal or factual arguments, either in his writ or in his brief to this Court, how applicant was prejudiced by the alleged failure[.] Accordingly, we would be authorized to deny relief on this failure alone."); *Ladd*, 3 S.W.3d at 570 ("Here, appellant has made no effort to prove the prejudice prong of the *Strickland* test. That failure precludes any relief."). Nevares has failed to prove either prong of the *Strickland* test regarding this claim; it fails.

### (4)  Fifth alleged act of ineffective assistance

Nevares contends that defense counsel was ineffective because he "had [him] testify . . . on his own behalf, knowing that the State would be allowed to impeach [him] with his prior serious criminal convictions that ultimately served to further bolster the State's case against [him]." He offers nothing more to support this claim—either through argument or caselaw—and the record does not show defense counsel's strategy or how the decision was made that Nevares would testify. Nevares fails to address how the outcome would have differed had he not testified. As courts have explained, an ineffective-assistance claim fails when an appellant does not present legal or factual arguments showing prejudice, and Nevares has not done so here. *See Ex parte Martinez*, 195 S.W.3d at 730 n.14 ("Applicant does not set forth any legal or factual arguments, either in his writ or in his brief to this Court, how applicant was prejudiced by the alleged failure[.] Accordingly, we would be authorized to deny relief on this failure alone."); *Ladd*, 3 S.W.3d at 570 ("Here, appellant has made no effort to prove the prejudice prong of the *Strickland* test. That failure precludes any relief."). Because Nevares has failed to show deficiency and prejudice, this claim does not satisfy the *Strickland* test and fails.

### (5)  Sixth alleged act of ineffective assistance

As his final allegation, Nevares argues that defense counsel was ineffective because counsel had him "swear to a document that was false and guarantee . . . that he was eligible for probation if convicted of the offense."

When punishment is tried to a jury, the defendant must file a sworn pretrial motion in accordance with Article 42A.055 denying that he has been convicted of a felony, and the jury must find his motion to be true in order to recommend probation. *See* Tex. Code Crim. Proc. art. 42A.055(b). Before opening statements, defense counsel attempted to file "Defendant's

Application for Probation in a Jury Trial," which stated that Nevares "represents that he has never been convicted of a disqualifying felony offense, as stated in Texas Code of Criminal Procedure Article 42A.056,[2] in this State or in any other state and he prays that in the event of conviction in this cause that the imposition of sentence herein be suspended and that he be placed on probation[.]" The prosecutor responded that the application needed to be verified, noting, "[Nevares] has to verify to it now, though. It depends on your wording, I guess." Because Nevares was not eligible for probation under Article 42A.055,[3] the prosecutor questioned how he could verify that he had never been convicted of a felony. Defense counsel maintained that Nevares had not been convicted of a "disqualifying felony . . . as listed out in 42A.056 . . . [such as] murder, aggravated kidnapping, aggravated sexual assault." The trial court responded, "But [Article 42A.056] has to do with the sentencing of that particular felony as opposed to whether he qualifies for probation." The trial court made no finding on Nevares's eligibility for probation and the application was then filed.

On appeal, Nevares contends that he relied on defense counsel's advice "that he was eligible for probation, when first deciding to have a trial and then when deciding that the jury should assess punishment." He maintains that at the time of trial, he did not know he was ineligible

---

[2] Article 42A.056, titled "Limitation on Jury-Recommended Community Supervision," provides circumstances in which a jury cannot recommend probation due to a defendant's ineligibility. Tex. Code Crim. Proc. Ann. art. 42A.056.

[3] Article 42A.055, titled "Jury-Recommended Community Supervision," provides:

(b) A defendant is eligible for community supervision under this article only if:

(1) before the trial begins, the defendant files a written sworn motion with the judge that the defendant has not previously been convicted of a felony in this or any other state; and

(2) the jury enters in the verdict a finding that the information contained in the defendant's motion is true.

Tex. Code Crim. Proc. Ann. art. 42A.055(b).

9

for probation and now argues that it was "abundantly clear" by the enhancement paragraphs in the indictment that he was not eligible for probation. According to Nevares, if he "had known . . . he may have very likely not even chosen to have a jury trial and may have taken a plea offer or perhaps would have pled guilty to the offense to the jury and then went to punishment" and "may have very likely elected to go to the trial court for punishment." He further argues that defense counsel "essentially advised him to commit aggravated perjury."[4]

As articulated by the Texas Court of Criminal Appeals, an ineffective-assistance claim "based on an attorney's mistake about probation eligibility from a court versus a jury, the record must show more than the mistake; it must also show whether and how the mistake influenced the defendant's punishment election." *Swinney*, 663 S.W.3d at 92. Such a claim requires evidence that (1) the defendant was eligible for probation, (2) no valid trial strategy supported the election of punishment, (3) the defendant's election was based on the attorney's bad advice, and (4) the defendant would have decided differently had counsel correctly advised him of the law. *Id*. at 91.

Regarding Nevares's verified application, he swore he did not have "disqualifying" felony convictions under Article 42A.056. Article 42A.056 contains additional limitations on Article 42A.055 regarding jury-recommended probation, including that it does not apply if the jury imposes a sentence exceeding ten years' imprisonment or if the defendant is convicted of certain offenses. Tex. Code Crim. Proc. Ann. art. 42A.056 (prohibiting jury from recommending probation to defendants who have been convicted of murder; indecency with a child by contact; sexual assault and aggravated sexual assault if the victim was younger than 14; sexual performance by a child; aggravated kidnapping if the victim was younger than 14 and the defendant's abduction was committed with an intent to sexually abuse the victim; trafficking of persons and continuous

---

[4] We do not reach whether Nevares committed aggravated perjury. The offense requires an "intent to deceive" and "knowledge of the statement's meaning." The record is silent on both elements. Tex. Penal Code Ann. §§ 37.02, 37.03.

trafficking of persons; compelling prostitution and aggravated promotion of prostitution; possession of a controlled substance in a drug free zone; and manufacture delivery of a controlled substance). Taking the enhancement allegations as true, these additional limitations do not appear to apply to Nevares. He maintains that "[he] was fully aware of his prior felony convictions, yet trial counsel advised him to swear to the veracity of the application for probation, which clearly stated that he 'had never been convicted of a disqualifying felony offense.'" But Nevares does not distinguish between Articles 42A.055 and 42A.056, and the application he swore to states "that he has never been convicted of a disqualifying felony offense, as stated in Texas Code of Criminal Procedure Article 42A.056[.]" Nevares has not shown either deficient performance or prejudice on this basis. We also note that Nevares does not argue on appeal that defense counsel was deficient by having him swear under Article 42A.056 rather than Article 42A.055.

We now turn to the allegation regarding defense counsel's "bad advice" on probation eligibility. The Code of Criminal Procedure distinguishes between judge-ordered and jury-recommended community supervision. *Compare* Tex. Code Crim. Proc. Ann. arts. 42A.053, 42A.054 (judge-ordered), *with* Tex. Code Crim. Proc. Ann. arts. 42A.055, 42A.056 (jury-recommended). A trial court is prohibited from placing a defendant on probation when there is a finding that "a deadly weapon . . . was used or exhibited during the commission of a felony offense." Tex. Code Crim. Proc. Ann. art. 42A.054(b)(1)(A). However, for eligibility under Articles 42A.053 and 42A.054, it was not until the jury returned the guilty verdict with the affirmative finding of a deadly weapon that Nevares became probation ineligible by the trial court. *State v. Recer*, 815 S.W.2d 730, 732 (Tex. Crim. App. 1991) (en banc). "It was possible that, if the jury had not entered an affirmative finding of a deadly weapon, the court could have granted [] probation." *Id*. But as will be discussed further below, the record does not show what defense

counsel told Nevares about his eligibility or how that advice affected his decision to forgo punishment by the trial court and choose to have punishment assessed by the jury instead.

Jury-recommended community supervision is governed by Article 42A.055, which provides that a jury can only recommend probation if, "the defendant files a written sworn motion with the judge that the defendant has not previously been convicted of a felony . . . and . . . the jury enters in the verdict a finding that the information contained in the defendant's motion is true." Tex. Code Crim. Proc. Ann. art. 42A.055(a)–(b). The indictment alleged that Nevares had previously been convicted of two felonies, and he pleaded true to both enhancement paragraphs at the beginning of the punishment phase. "To even be eligible for jury recommended probation, a defendant bears the burden of pleading and proving that he has no prior felony convictions."[5] *Speth v. State*, 6 S.W.3d 530, 533 (Tex. Crim. App. 1999) (en banc). Because the jury found both enhancement paragraphs true, it could not have recommended probation. *See* Tex. Code Crim. Proc. Ann. art. 42A.055(b)(1) (requiring jury to find that a defendant has not previously been convicted of a felony).

The State argues that the record suggests a strategic choice by defense counsel to have the jury assess punishment so that counsel could present sympathetic testimony and obtain a lesser sentence. Nevares took the stand and apologized: "I just want to apologize. I'm sorry about the incident . . . I never meant to get in a fight . . . I wasn't trying to hurt anybody." His mother testified about his character and her reliance on him due to her illness; his sister testified about her reliance on him and his support for her daughter; and his son testified about his success as an ex-convict and asked the jury for "grace." The State contends that defense counsel's "sympathy strategy

[5] The law in effect at the time of the *Speth* case was found in Article 42.12 of the Texas Code of Criminal Procedure which has been repealed and recodified as Article 42A.054. *See* Act of June 17, 2015, 84th Leg., R.S., ch. 770, § 1.01, 2015 Tex. Gen. Laws 2321, 2321–65.

apparently worked" considering the jury assessed "a relatively lenient 10-year sentence" despite an enhanced range of up to 99 years to life. We agree and find that valid trial strategy supported the election of the jury for punishment.

The record also must show whether and how counsel's mistake about probation eligibility actually influenced Nevares's decision making. *Swinney*, 663 S.W.3d at 92. "The issue is the measure of prejudice when an attorney mistakenly tells his client that he is eligible for probation from the trial court." *Id*. at 89. The focus is on "the impact of the bad advice on the defendant's decision making and does not require a showing of a different outcome." *Id*. Nevares alleges counsel led him to believe he was probation eligible and that was why he elected to proceed to a jury trial and have the jury assess punishment, and had he known otherwise, he "may have very likely not even" not gone to trial or elected the jury for punishment. But more than Nevares's conjecture is required; the record must show the impact of the advice on Nevares's decision making. *See id*.

The record shows that defense counsel believed Article 42A.056 did not render Nevares ineligible, but the record is silent as to what defense counsel advised Nevares regarding his eligibility or how that influenced the decision to elect the jury, over the trial court, for punishment. The record is also silent as to whether any discussions occurred regarding the enhancement allegations, what Nevares understood about them, or what defense counsel told Nevares about them.[6] Even if defense counsel incorrectly advised Nevares, more than mere mistake must be

---

[6] The judgment reflects that the second-degree felony offense Nevares was charged with was enhanced to a first-degree felony. The State argues that based on the felony enhancement, "had Appellant elected the Trial Court for punishment, Appellant would have still [have] received a jail sentence—not probation." The State cites to Texas Penal Code § 12.32, which provides that an "individual adjudged guilty of a felony of the first degree shall be punished by imprisonment . . . for life or for any term of not more than 99 years or less than 5 years." Tex. Pen. Code Ann. § 12.32. But Nevares was sentenced to 10 years and under Article 46A.053, a defendant is not eligible for judge-ordered community supervision if sentenced to serve "a term of imprisonment that *exceeds* 10 years." Tex. Code Crim. Proc. Ann. art. 42A.053(c)(1) (emphasis added).

apparent from the record. *Recer*, 815 S.W.2d at 731–32 ("To support a claim of ineffective assistance of counsel where, as in this case, the complaint is that counsel misunderstood the law regarding probation . . . more must be apparent from the record than trial counsel's mere mistake. There must be evidence that the defendant was initially eligible to receive probation, that counsel's advice to go to the trial judge for sentencing was not given as part of a valid trial strategy, that the defendant's decision to have the judge assess punishment was based on his attorney's erroneous advice, and that the defendant's decision would have been different if her attorney had correctly informed her of the law."). We agree with our sister courts that in "a case involving counsel's misunderstanding of the law relating to probation, '[c]ounsel's mistake, alone, is insufficient to establish an ineffective assistance of counsel claim.'" *Ramirez v. State*, 301 S.W.3d 410, 416 (Tex. App.—Austin 2009, no pet.); *see also Isham v. State*, 258 S.W.3d 244, 252 (Tex. App.—Eastland 2008, no pet.) ("The record establishes that counsel misunderstood the law on deferred adjudication and that he passed this misunderstanding on to his client. Counsel's mistake, alone, is insufficient to establish an ineffective assistance of counsel claim."); *Garcia v. State*, 308 S.W.3d 62, 73 (Tex. App.—San Antonio 2009, no pet.) (same).

There is nothing in the record that Nevares's choice to proceed to a jury trial or to have the jury assess punishment was based on a misunderstanding of his probation eligibility.[7] The record does not show the impact of counsel's advice on Nevares's decision making, and to succeed, allegations of ineffectiveness must be firmly founded in the record and be affirmatively demonstrated. *Thompson*, 9 S.W.3d at 813 ("Any allegation of ineffectiveness must be firmly founded in the record, and the record must affirmatively demonstrate the alleged ineffectiveness."). This is why direct-appeal records are often too undeveloped to meet this standard and generally

---

[7] The record does not show whether the State offered Nevares a plea, and Nevares does not state that he received one.

do not succeed at this stage. *See Lopez*, 343 S.W.3d at 143. Without more, Nevares has not shown any resulting prejudice, and this record is inadequate to sustain Nevares's ineffective assistance claim on this ground. This final claim of ineffectiveness also fails. Issue One is overruled.

## III. ADMISSION OF PRIOR CONVICTIONS

In his second issue, Nevares contends that the trial court abused its discretion under Texas Rule of Evidence 609(b) by admitting his prior convictions for attempted murder and aggravated assault.

### A. Standard of review and applicable law

An evidentiary ruling is reviewed under an abuse of discretion standard. *Valadez v. State*, 663 S.W.3d 133, 143 (Tex. Crim. App. 2022). A trial court abuses its discretion "only when the decision lies 'outside the zone of reasonable disagreement.'" *Davis v. State*, 329 S.W.3d 798, 803 (Tex. Crim. App. 2010). A reviewing court "must uphold the trial court's ruling if it is reasonably supported by the record and is correct under any theory of law applicable to the case." *Brito Carrasco v. State*, 154 S.W.3d 127, 129 (Tex. Crim. App. 2005) (en banc).

Texas Rule of Evidence 609(a) allows a party to attack a witness's credibility by introducing evidence of the witness's prior convictions of a felony or crime of moral turpitude if the trial court finds that its probative value outweighs its prejudicial effect. *See* Tex. R. Evid. 609(a); *Meadows v. State*, 455 S.W.3d 166, 170 (Tex. Crim. App. 2015). Rule 609(b) limits Rule 609(a) by barring evidence of a prior conviction if more than ten years have passed since the conviction or witness's release from the confinement, whichever is later, "unless the court determines, in the interests of justice, that the probative value of the conviction supported by specific facts and circumstances substantially outweighs its prejudicial effect." *Meadows*, 455 S.W.3d at 170; Tex. R. Evid. 609(b).

Texas Rule of Evidence 404(b) prohibits the admission of extraneous offenses to prove that an accused committed the charged offense in conformity with a bad character. *See* Tex. R. Evid. 404(b); *Devoe v. State*, 354 S.W.3d 457, 469 (Tex. Crim. App. 2011). "Whether extraneous offense evidence has relevance apart from character conformity, as required by Rule 404(b), is a question for the trial court." *Moses v. State*, 105 S.W.3d 622, 627 (Tex. Crim. App. 2003).

**B. Analysis**

Nevares argues that the admission of his prior convictions violated Texas Rule of Evidence 609(b) and the *Theus* factors.[8] However, as a threshold matter, Nevares has waived this complaint.

At trial, defense counsel did not object to the admission of the convictions under Texas Rule of Evidence Rule 609. He instead objected under 404(b), stating: "[W]e object to their proposition that they want to introduce evidence of prior acts, prior crimes. It falls squarely under 404(b)." Because a Rule 609 objection was not raised, Nevares did not preserve this complaint for our review. *Martinez v. State*, 345 S.W.3d 703, 705–06 (Tex. App.—Amarillo 2011, no pet.) (rejecting appellant's argument on appeal that his Rule 609 and *Theus* complaints were "inherent in [his voiced] Rule 403 objection" and holding that "no objection based on inadmissibility of the prior convictions under Rule 609 was preserved for review.").

The trial court ultimately ruled that if Nevares testified, the State would be "permitted to introduce evidence concerning his '97 conviction for attempted murder and aggravated assault." On direct examination, defense counsel began to question Nevares about his prior convictions. After the State objected, defense counsel responded, "[the State's] going to bring it up. We just

---

[8] The *Theus* factors are a set of five non-exclusive considerations the Texas Court of Criminal Appeals has adopted for applying Rule 609 when weighing the probative value of a conviction against its prejudicial effect: "(1) the impeachment value of the prior crime, (2) the temporal proximity of the past crime relative to the charged offense and the witness' subsequent history, (3) the similarity between the past crime and the offense being prosecuted, (4) the importance of the defendant's testimony, and (5) the importance of the credibility issue." *Theus v. State*, 845 S.W.2d 874, 880 (Tex. Crim. App. 1992) (en banc).

want to be in front of it and—and not look like we're hiding something when they do bring it up." The trial court allowed defense counsel to proceed, and Nevares testified to his prior convictions.

It is well established that an accused waives any complaint about the improper admission of evidence if he introduces the same evidence himself. *Rogers v. State*, 853 S.W.2d 29, 35 (Tex. Crim. App. 1993) (en banc). An exception exists when the evidence is introduced as "an effort to meet, rebut, destroy, deny, or explain the improperly admitted evidence." *Id*. But this exception does not apply if the accused "testifies about his prior conviction on direct examination in an effort to preempt questions anticipated by the State during cross-examination." *Roderick v. State*, 494 S.W.3d 868, 881 (Tex. App.—Houston [14th Dist.] 2016, no pet.) ("Here, the record reflects that appellant testified about his prior conviction on direct examination before evidence of his prior conviction had been introduced by the State. By testifying first on direct examination, appellant waived any error regarding the trial court's ruling on the admissibility of his prior conviction."). Because Nevares introduced the evidence before the State did, he waived any error regarding its admission. Issue Two is overruled.

## IV. CONCLUSION

We affirm the trial court's judgment.

MARIA SALAS MENDOZA, Chief Justice

March 6, 2026

Before Salas Mendoza, C.J., Palafox and Soto, JJ.

(Do Not Publish)